IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | NO. 4:04-cr-00088-SDJ-KPJ |
| | § | |
| AMER STANLEY | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

Amer Stanley has filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (doc. 94) based on Amendment 782 to the U.S. Sentencing Guidelines, effective November 1, 2014, which reduced the base-offense level by two levels for most drug offenses. Under a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that Stanley would serve a 120-month prison term on count two, possession of a controlled substance with intent to distribute (21 U.S.C. § 841(a)(1)), and a 360-month sentence on count three, possession of a machinegun in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)(1)), which was required to run consecutively to count two, for a total of 480 months' imprisonment. The Court accordingly sentenced Stanley to a 480-month term. Judgment (doc. 74).

Stanley contends that he is entitled to a sentence reduction under *Hughes v. United States*, 138 S.Ct. 1765 (2018), which held "that a sentence imposed pursuant to a Type-C agreement [referring to a plea agreement entered under Fed. R. Crim. P. 11(c)(1)(C)] is 'based on' the defendant's Guidelines range" — and is thus eligible for a reduction under section 3582(c)(2) — "so long as that range was part of the framework the district court

1

relied on in imposing the sentence or accepting the agreement." *Id*. at 1775. But *Hughes* does not help him. Here's why. Originally the probation office determined that, based on the drug quantities involved in count two, Stanley's total offense level was 31 and his criminal history category was I, resulting in a guideline range of 108-135 months. PSR ¶¶ 25, 48. But the statutory minimum was 120 months, 21 U.S.C. § 841(b)(1)(A), so the guidelines range became 120-135 months. *Id*. at ¶ 48. The Court sentenced Stanley to 120 months, the statutory minimum, in accordance with the parties' Rule 11(c)(1)(C) agreement. Judgment (doc. 74). If Stanley were to receive the benefit of the two-level reduction brought by Amendment 782 (which would only affect the drug offense in count two), his total offense level on that count would drop from 31 to 29. A total offense level of 29, combined with a criminal history category of I results in a guideline range of 87-108 months. But because the maximum of this range (108 months) would be below the statutorily required minimum of 120 months, 120 months would become the guideline sentence. U.S.S.G. §§ 5G1.1(b), 5G1.2 n.3. The Court lacks authority to reduce his sentence further. *See* U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Jones*, 313 F. Supp.3d 167, 171 (D.D.C. 2018).

Nor is Stanley's total sentence affected by his conviction on count three, possession of a machinegun in furtherance of a drug-trafficking crime. The statutory minimum sentence for that offense is 30 years and is required by statute to run consecutively to the 120-month term of imprisonment on count one. 18 U.S.C. §§ 924(c)(1)(B)(ii), (D)(ii); PSR ¶ 26. Stanley's total sentence remains at 480 months.

The Court should deny his motion.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Tracey M. Batson*
Tracey M. Batson
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
Texas Bar No. 00784119
Tracey.Batson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing response will be forwarded by certified mail to Amer Stanley, Reg. No. 11417-078 at FCI Yazoo City, P.O. Box 5000, Yazoo City, Mississippi, 39194, on July 27, 2020.

*/s/ Tracey M. Batson*
Tracey M. Batson
Assistant United States Attorney