UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 4:04-CR-088-SDJ |
| | § | |
| AMER STANLEY (1) | § | |

**ORDER**

Before the Court is Defendant Amer Stanley's Motion for Appointment of Counsel. (Dkt. #91). Having considered the motion and the relevant law, the Court concludes that the motion should be **DENIED**.

Stanley requests that the Court appoint counsel to assist him in seeking a sentence reduction under both 18 U.S.C. § 3582(c)(1)(A) and § 3582(c)(2). There is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 199, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Garza v. Idaho*, ___ U.S. ___, 139 S.Ct. 738, 749, 203 L.Ed.2d 77 (2019) (same). There is also no statutory right to appointed counsel under 18 U.S.C. § 3006A because post-conviction proceedings, such as 3582(c) motions, are not "ancillary matters" to criminal proceedings. *See United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (declining to recognize either a constitutional or statutory right to assistance of counsel in bringing a 3582(c)(2) motion). Furthermore, 18 U.S.C. § 3006A does not authorize the discretionary appointment of counsel for section

3582(c) motions. *See* 18 U.S.C. § 3006A(a)(2) (authorizing discretionary appointment of counsel only when relief is sought under 28 U.S.C. §§ 2241, 2254, or 2255).

The Court also does not find it appropriate to appoint counsel under 28 U.S.C. § 1915(e)(1), which gives courts discretion to "request an attorney to represent any person unable to afford counsel." Specifically, discretionary appointment of counsel under Section 1915(e)(1) is not warranted because Stanley has made no showing that the "interests of justice require" the appointment of counsel to assist in filing motions under Section 3582(c). *See United States v. Rodriguez*, 695 F. App'x 82, 83 (5th Cir. 2017) (per curiam) (citing *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)) (affirming a district court's decision to deny appointment of counsel under section 1915(e)(1) for the defendant's 3582(c)(2) motion). "The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." *Scoggins v. MacEachern*, No. 04-10814, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) (collecting cases). Motions under Section 3582(c)(1)(A) and Section 3582(c)(2) do not generally warrant the appointment of counsel because these types of motions do not present particularly complex issues of law or fact. *See United States v. Drayton*, No. 10-200018-01, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) (noting that Section 3582(c)(1)(A) motions are "not particularly complex factually or legally"). Moreover, Stanley has not shown that he is severely hampered in his ability to investigate the facts. In fact, Stanley

has demonstrated his ability to seek a sentence reduction on his own behalf because he has already filed two Section 2582(c)(2) motions. (Dkt. #90, #94).

Because Stanley has failed to raise any factually or legally complex issues warranting the appointment of post-conviction counsel, the Court concludes that Stanley's motion to appoint counsel should be denied.

It is therefore **ORDERED** that Defendant Amer Stanley's Motion for Appointment of Counsel, (Dkt. #91), is **DENIED**.

**So ORDERED and SIGNED this 5th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE