UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:04-CR-088-SDJ |
| | § | |
| AMER STANLEY (1) | § | |

## **ORDER**

Before the Court is Defendant's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), (Dkt. #90), Motion to Extend Deadline to File Reply for Compassionate Release, (Dkt. #93), and Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. #94). The Government filed responses in opposition to both sentence-reduction motions. (Dkt. #92, #95). Because Defendant asserts the same grounds for relief in both sentence-reduction motions, the Court construes the second sentence-reduction motion, (Dkt. #94), as an amended motion and denies the first motion, (Dkt. #90), as moot. And because the Court construes Defendant's deadline-extension motion, (Dkt. #93), as a motion to extend the deadline to reply to the Government's response to Defendant's first sentence-reduction motion, the Court also denies the deadline-extension motion, (Dkt. #93), as moot. With respect to Defendant's amended sentence-reduction motion, (Dkt. #94), the Court, having considered the motion, the Government's response, and the applicable law, concludes that the motion should be **DISMISSED for lack of jurisdiction**.

1

## I.

On June 9, 2004, Defendant Amer Stanley pleaded guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a machinegun in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Dkt. #28). Stanley was sentenced to 120 months' imprisonment on the drug-possession count and 360 months' imprisonment on the firearm count with the sentences to be served consecutively. (Dkt. #74 at 2).

Stanley now seeks a reduction in his sentence on the drug-possession count under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. Stanley argues that Amendment 782, which became effective on November 1, 2014, retroactively lowered the guideline range on which his sentence was based and that the Court should therefore reduce his sentence accordingly pursuant to 18 U.S.C. § 3582(c)(2).

## II.

Section 3582(c)(2) provides that a court may reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Thus, the statute requires a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). First, the court must determine whether the defendant is eligible for a sentence reduction under U.S.S.G. § 1B.10. *Id.* Second, if the defendant

is eligible, the court should consider whether a reduction is warranted based on the factors listed in 18 U.S.C. § 3553(a). *Id.*

Stanley argues that he is eligible for a sentence reduction on his drug-possession offense as a result of Amendment 782's lowered guideline ranges for drug offenses. Amendment 782 modified the drug-quantity table in U.S.S.G. § 2D1.1(c), effectively lowering the base offense level by two levels for most drug offenses. *United States v. Bennett*, 820 F.App'x 265, 268 (citing U.S.S.G., App. C., Amend. 782). The Sentencing Commission also applied Amendment 782 retroactively to sentences imposed prior to the amendment's effective date. *Id.* (citing U.S.S.G., App. C., Amend. 788). However, an otherwise eligible defendant is not eligible for a sentence reduction under Section 3582(c)(2) when "the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)" would prevent the amendment from actually lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10 note 1(A). Thus, a defendant is not eligible for a sentence reduction when the reduction would result in a sentence below the statutory, mandatory minimum sentence. *United States v. Hicks*, 663 F.App'x. 299, 301 (5th Cir. 2016) (citing *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994)).

Stanley is not eligible for a sentence reduction because he was sentenced to the statutory, mandatory minimum term of imprisonment for his drug offense. Stanley pleaded guilty to possession with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See*

(Dkt. #1, #28). Stanley's drug offense carried a statutory minimum term of imprisonment of 120 months—the sentence Stanley received. *See* 21 U.S.C. § 841(b)(1)(A). Despite Amendment 782's applicability to Stanley's drug offense, application of the amendment would not have the effect of lowering Stanley's guideline range because Stanley cannot be sentenced below the statutory minimum. Therefore, "a reduction in [Stanley's] term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 note 1(A).[1]

### III.

Because Stanley is ineligible for a sentence reduction under Section 3582(c)(2), the Court lacks jurisdiction to reduce his sentence. Under the rule of finality, "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality op.) (citing 18 U.S.C. § 3582(c)). This "rule of finality is subject to a few narrow exceptions." *Id.* One such exception is Section 3582(c)(2)'s exception for defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because Section 3582(c)(2) operates as an exception to the strict finality rule, a court lacks jurisdiction to consider a sentence reduction for a defendant who fails to meet Section 3582(c)(2)'s eligibility requirements. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's

---

[1] Because Stanley is ineligible for a sentence reduction under Section 3582(c)(2), the Court does not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.App'x 46, 46 (5th Cir. 2003) (per curiam) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "Section 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis").

Because the operation of a statutory, mandatory minimum sentence renders Stanley ineligible for a sentence reduction under Section 3582(c)(2), the Court lacks jurisdiction to consider his motion further. Stanley's motion must therefore be dismissed for lack of jurisdiction.

## IV.

For the foregoing reasons, it is **ORDERED** that Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. #94), is hereby **DISMISSED for lack of jurisdiction**. It is further **ORDERED** that Defendant's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), (Dkt. #90), and Motion to Extend Deadline to File Reply for Compassionate Release, (Dkt. #93), are **DENIED as moot**.

**So ORDERED and SIGNED this 8th day of March, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE